UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MICHELLE L. BERTRAM,**

               **Plaintiff,**               6:11-cv-1505
                                                        (GLS)

              v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,[1]

               **Defendant.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Peter W. Antonowicz      PETER W. ANTONOWICZ, ESQ.
148 West Dominick Street
Rome, NY 13440

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     DAVID L. BROWN
United States Attorney                 Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Michelle L. Bertram challenges the Commissioner of Social Security's denial of a period of disability and Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Bertram's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On February 17, 2009, Bertram filed an application for DIB under the Social Security Act ("the Act"), alleging disability since October 19, 2008. (*See* Tr.[2] at 61, 116-24.)[3] After her application was denied, (*see id.* at 62-67), Bertram requested a hearing before an Administrative Law Judge (ALJ), which was held on August 24, 2010, (*see id.* at 38-59, 68-70). On

---

[2] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 9.)

[3] Bertram also filed an application for Supplemental Security Income on February 18, 2009, but in her Complaint, she only appeals the ALJ's decision denying DIB. (*See* Compl.; Tr. at 60, 125-27.)

2

September 22, 2010, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-5, 16-37.)

Bertram commenced the present action by filing her Complaint on December 21, 2011 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 8, 9.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 11, 12.)

### III. <u>Contentions</u>

Bertram contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 11 at 8-15.) Specifically, Bertram claims that the ALJ erred in: (1) failing to find that her mental retardation was a severe impairment; and (2) improperly evaluating whether her condition met listing 12.05(C). (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 12 at 15-20.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 11 at 3-5; Dkt. No. 12 at 2-11.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Severe Impairment Findings

Bertram first contends that remand is required because the ALJ failed to find that her mild mental retardation was a severe impairment. (*See* Dkt. No. 11 at 8-9.) The court disagrees.

A claimant has the burden of establishing that she has a "severe impairment," which is "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work

4

activities." 20 C.F.R. § 404.1520(c); *see Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). As pertinent here, basic work activities are "the abilities and aptitudes necessary to do most jobs," including: "[u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b)(3)-(6). "The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, No. 09-CV-1219, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, No. 6:03-CV-0521, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). Indeed, when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities," a finding of "not severe" is warranted. SSR 85-28, 1985 WL 56856, at *3 (1985); *see* 20 C.F.R. § 404.1521(a). Notably, the omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in his residual functional capacity (RFC) determination. *See Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952,

5

at *4 (N.D.N.Y. Feb. 7, 2012); *see also Plante v. Astrue*, No. 2:11-CV-77, 2011 WL 6180049, at *4 (D. Vt. Dec. 13, 2011).

Here, at step two, the ALJ determined that Bertram suffered from several severe impairments including bipolar disorder, NOS, lumbar degenerative disc disease, and fibromyalgia. (*See* Tr. at 21.) In making his determination, the ALJ noted the IQ scores Bertram achieved on a consultative exam, and that she appeared capable of reading, writing, and doing arithmetic at a below age appropriate level. (*See id.* at 23.) During the subsequent RFC determination, the ALJ explicitly considered Bertram's cognitive functioning, including weighing the opinion of the consultative examiner who had tested Bertram's IQ. (*See id.* at 27-29, 272-76, 329-31.) As the ALJ proceeded with the disability analysis and included Bertram's severe and non-severe impairments in the RFC determination, there is no basis to remand this matter based upon his step two analysis. *See Tryon*, 2012 WL 398952, at *4.

**B.   Listing 12.05(C)**

Bertram also contends that the ALJ erred in determining that she did not meet Listing 12.05(C). (*See* Dkt. No. 11 at 9-15.) According to Bertram, because she had a valid IQ score within the required parameters

6

and suffered other significant physical and mental impairments, the ALJ erred in failing to address whether the listing was met, and there is no evidence to overcome the "rebuttable presumption" that her mild mental retardation predated age twenty-two. (*Id.* at 13-15; *see id.* at 8-12.) The Commissioner counters, and the court agrees, that Bertram's impairments did not satisfy the listing. (*See* Dkt. No. 12 at 15-16.)

At the third step of the disability evaluation, the ALJ is required to determine whether the claimant's impairment(s) meet or equal an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *See* 20 C.F.R. § 404.1520(d). To establish disability under section 12.05, which pertains to mental retardation, Bertram had to first make a threshold showing that she possessed "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" prior to age twenty-two. 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05; *see id.* § 12.00(A). "[D]eficits in adaptive functioning 'denotes an inability to cope with the challenges of ordinary everyday life.'" *Carrube v. Astrue*, No. 3:08-CV-0830, 2009 WL 6527504, at *4 (N.D.N.Y. Dec. 2, 2009) (quoting *Novy v. Astrue*, 497 F.3d 708, 710 (7th Cir. 2007)); *see also Talavera v. Astrue*, 697 F.3d 145, 153 (2d Cir. 2012). This

includes consideration of a "claimant's effectiveness in areas such as social skills, communication, and daily living skills."  *West v. Comm'r of Soc. Sec. Admin.*, 240 F. App'x 692, 698 (6th Cir. 2007).  To satisfy listing 12.05(C), Bertram was required to further demonstrate that she suffers from "[a] valid verbal, performance, or full scale IQ of [sixty] through [seventy] and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05(C).

Here, the ALJ found that Bertram "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (Tr. at 26.)  The ALJ explicitly considered listings 12.02, 12.04, 12.06, 12.08 and 12.09 in his determination.  (*See id.*)  He did not explicitly consider listing 12.05.  (*See id.*)  However, in his RFC assessment the ALJ permissibly found that Bertram "is capable of the basic mental demands of competitive, remunerative, unskilled work including the abilities (on a sustained basis) to understand, carry out and remember simple instructions, to respond appropriately to supervision, coworkers and usual work situations; and to deal with changes in a routine work setting."  (Tr. at 26.)  This determination is supported by the March

2010 opinion of treating psychiatrist K.G. Kamath, which stated that Bertram was only mildly restricted in her ability to understand, remember, and carry out simple and complex instructions, and make judgments on simple and complex work-related decisions. (*See id.* at 422, 424.) According to Dr. Kamath's March 2010 opinion, Bertram was also only mildly restricted in her ability to interact appropriately with supervisors and co-workers, and respond appropriately to usual work situations and changes in a routine work setting, but moderately limited in her ability to interact appropriately with the public. (*See id.* at 423.) The ALJ's RFC determination was further supported by the opinions of consultative examiner Dr. Dennis Noia, and state agency review psychiatrist H. Tzetzo. (*See id.* at 267-76, 308-31.)

Notably, a listing determination may be upheld despite "the absence of an express rationale," where "portions of the . . . decision and the evidence . . . indicate that [the ALJ's] conclusion was supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982). Here, the ALJ provided additional support for his listing decision in his RFC assessment. (*See* Tr. at 27-29.) He explicitly stated that there was no evidence to suggest that Bertram's low IQ was an ongoing problem

9

that began prior to age twenty-two. (*See id.* at 29.) The ALJ noted that Bertram was in regular education classes in school, had a driver's license and is able to drive, and is independent in her activities of daily living, including caring for her two young children. (*See id.* at 29, 192-95, 202.*)* The ALJ also noted that Bertram's prior work history included full time work as a machine operator at the substantial gainful activity level, and work as a convenience store worker where she was able to perform all of the activities required. (*See id.* at 29, 42-43, 154, 156.) Thus, in spite of the brevity of the ALJ's listing analysis, his examination of the evidence provides substantial support for the determination that Bertram's mild mental retardation did not meet or medically equal a listing. Because a determination that Bertram did not possess the requisite deficits in adaptive functioning precludes a finding that Bertram met listing 12.05(C), the ALJ's failure to explicitly analyze Bertram's qualification under that listing does not require remand. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("Where application of the correct legal standard could lead to only one conclusion, we need not remand." (citation omitted)); *see also Talavera*, 697 F.3d at 153 ("[T]he regulations recognize that persons with an IQ in the 60s (or even lower) may still be able to hold a full-time job, and

are therefore not disabled, if their adaptive functioning is sufficiently intact."
(internal quotation marks and citation omitted)).

## C. Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Bertram's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 31, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court